IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN A. ROSELER,<br><br>    Defendant. | Case No. 16-00170-01-CR-W-GAF |

## UNITED STATES' SENTENCING MEMORANDUM

The United States, though the undersigned attorneys, respectfully submits this Sentencing Memorandum to explain to this Court its sentencing recommendation in this case. For the reasons explained below, the United States respectfully recommends that pursuant to the sentencing factors of 18 U.S.C. § 3553(a) this Court sentence defendant Kevin Roseler to 21 months' imprisonment, which is at the low end of the applicable Guidelines range.

**1. This Court should sentence the defendant within the range of 21 to 27 months' imprisonment recommended by the Sentencing Guidelines (18 U.S.C. § 3553(a)(4)).**

The parties agree that the Sentencing Guidelines recommend a sentence of 21 to 27 months' imprisonment in this case. That recommendation is based on the following application of the Sentencing Guidelines:

*Mail Fraud Count*
| | |
|---|---|
| Base offense level [2B1.1(a)(1)]: | 7 |
| Loss more than $150,000 [2B1.1(b)(1)(F)]: | 10 |
| Abuse of position of trust [3B1.3]: | <u>2</u> |
| Sub-total: | 19 |
| Early acceptance of responsibility [3E1.1(a) & (b)] | <u>-3</u> |
| Total Offense Level: | 16 |
| | |
| Criminal History Category: | I |
| Guidelines Range: | 21-27 months |

The PSR found that pursuant to the Guidelines, the defendant did not have any criminal history points and that his criminal history category is I. The defendant's criminal history score, however, does not assign any points for the defendant's prior charge for a scheme involving stealing from an employer and selling the stolen items on the Internet. (*See* PSR ¶ 29.) Because that prosecution was ultimately dismissed through a deferred adjudication agreement, it did not result in any criminal history points, but it remains a factor this Court should consider in sentencing the defendant.

As shown below, the defendant does not present any ground for this Court to vary from his recommended Guidelines range. Rather, to adequately address the totality of the sentencing factors in 18 U.S.C. § 3553(a), this Court should sentence the defendant to a Guidelines Sentence of 21 months' imprisonment.

**2. A sentence of 21 months adequately serves the goals of reflecting the seriousness of the offense, providing just punishment, affording adequate deterrence and protecting the public from further crimes by the defendant (18 U.S.C. § 3553(a)(2))**.

The defendant plead guilty to one count of wire fraud, a felony offense with a statutory maximum punishment of 20 years' imprisonment. The defendant also admitted that he caused $200,000 in actual loss as a result of his scheme. This is a serious offense, just punishment for which should include a term of incarceration.

Moreover, the goal of deterrence, both specific and general deterrence, warrant a term of imprisonment. The defendant has been caught stealing from his employer for his own benefit not once, but twice. A sentence of imprisonment at the low end of the Guidelines range will provide a strong specific deterrent against further criminal conduct to this recidivist defendant. And a sentence of imprisonment will provide a strong general deterrent to other would-be

2

embezzlers.  $200,000 is a substantial sum, and theft of that amount should be deterred.  A sentence of imprisonment in this case will serve that purpose.

Lastly, a sentence of 21 months' imprisonment will protect the public against further crimes from this defendant.  The defendant has twice stolen from an employer to sell goods to unwitting third parties.  The defendant has both harmed his employers and his customers by those acts, and a custodial sentence that will prevent the defendant from further victimizing not only his employers but also those purchasing his goods is warranted.

### 3. That nature of circumstances of the offense and history and characteristics of the defendant also warrant a 21-month sentence (18 U.S.C. § 3553(a)(1)).

The defendant's history and characteristics as argued in his sentencing memorandum underplay one factor undeniably relevant to this Court's sentencing determination: that he has committed a similar crime twice.  The defendant tries to explain away his criminal conduct, but nothing can hide the fact that he stole from an employer, profited from it, and was not severely punished.  Then, when he again found himself in position to do so, for a second time he stole from an employer for his personal gain.  The second time the scope was much larger and his personal profit much greater.  The same defendant should not receive a similar sentence – no period of incarceration – for committing the same crime a second time on a radically greater scale.  The defendant's history and characteristics overwhelming indicate that a term of imprisonment would be a just sentence.

The nature and circumstances of this offense also indicate that a Guidelines sentence is appropriate. In this case the defendant victimized his employer for personal benefit.  While the defendant may have been in a tough financial place, he points to no circumstances so unusual or dire as to explain his criminal conduct.  Rather, he chose to steal to address his problems, and steal he did.  He stole equipment from his employer and sold it on the Internet, causing $200,000

3

Case 4:16-cr-00170-GAF   Document 13   Filed 11/14/16   Page 3 of 5

embezzlers.  $200,000 is a substantial sum, and theft of that amount should be deterred.  A sentence of imprisonment in this case will serve that purpose.

Lastly, a sentence of 21 months' imprisonment will protect the public against further crimes from this defendant.  The defendant has twice stolen from an employer to sell goods to unwitting third parties.  The defendant has both harmed his employers and his customers by those acts, and a custodial sentence that will prevent the defendant from further victimizing not only his employers but also those purchasing his goods is warranted.

### 3. That nature of circumstances of the offense and history and characteristics of the defendant also warrant a 21-month sentence (18 U.S.C. § 3553(a)(1)).

The defendant's history and characteristics as argued in his sentencing memorandum underplay one factor undeniably relevant to this Court's sentencing determination: that he has committed a similar crime twice.  The defendant tries to explain away his criminal conduct, but nothing can hide the fact that he stole from an employer, profited from it, and was not severely punished.  Then, when he again found himself in position to do so, for a second time he stole from an employer for his personal gain.  The second time the scope was much larger and his personal profit much greater.  The same defendant should not receive a similar sentence – no period of incarceration – for committing the same crime a second time on a radically greater scale.  The defendant's history and characteristics overwhelming indicate that a term of imprisonment would be a just sentence.

The nature and circumstances of this offense also indicate that a Guidelines sentence is appropriate. In this case the defendant victimized his employer for personal benefit.  While the defendant may have been in a tough financial place, he points to no circumstances so unusual or dire as to explain his criminal conduct.  Rather, he chose to steal to address his problems, and steal he did.  He stole equipment from his employer and sold it on the Internet, causing $200,000

in loss to his employer in the process. A theft of $200,000 should not be overlooked, and the Sentencing Guidelines adequately reflect the severity of his conduct. With no ground for a departure, a Guidelines sentence of 21-months fully accommodates the nature of this offense.

### 4. A sentence of 21-months would avoid unwarranted sentencing disparities (18 U.S.C. § 3553(a)(6)).

The defendant argues in his sentencing memorandum that a Guidelines sentence would create an unwarranted sentencing disparity because fraud defendant's often receive below Guidelines sentences. Whether or not that is true is irrelevant to this case because this defendant was found guilty of a serious felony after previously admitting he was criminally liable for the same conduct. That unique factor makes generalizations from trends irrelevant, and strongly supports a Guidelines sentence for this defendant.

### 5. The defendant's ability to pay restitution remains after he serves a period of incarceration (18 U.S.C. § 3553(a)(7).

Lastly, this Court should enter an order of restitution of $190,000 to reflect restitution due for the $200,000 of loss caused by the defendant minus $10,000 in restitution already paid. The defendant will be required to pay restitution after he is released from imprisonment, but paying restitution should not be a reason to sentence this defendant to probation. This defendant should serve a just sentence first, then continue making his victim whole after.

## CONCLUSION

For the reasons detailed above, the United States respectfully recommends that this Court sentence defendant Kevin Roseler to 21 months' imprisonment, which represents a sentence at the low end of the defendant's advisory Guidelines range.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By  */s/ Brian P. Casey*

Brian P. Casey
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone:  (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on November 14, 2016, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Brian P. Casey*
Brian P. Casey
Assistant United States Attorney
